**AKERMAN LLP**
MARISSA ALGUIRE (SBN 249755)
THEA ALLI (SBN 326771)
633 West Fifth Street, Suite 6400
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342
Emails: marissa.alguire@akerman.com
thea.alli@akerman.com

*Attorneys for Defendant*
JACKSON LEWIS, P.C.

**AKERMAN LLP**
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

HEIDY FLORES, an individual

Plaintiff,

vs.

JACKSON LEWIS, P.C., a Pennsylvania corporation; and DOES 1-100,

Defendants.

Case No.

[Superior Court of California, Los Angeles County Case No. 26STCV21710]

**DEFENDANT JACKSON LEWIS P.C.'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

*[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement and Notice of Interested Parties; and Declarations of Philip Cangialosi and Marissa Alguire]*

Complaint Filed: July 08, 2026
Trial Date: None

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Jackson Lewis P.C. ("Jackson Lewis" or "Defendant") removes the above-captioned action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California. In compliance with 28 U.S.C. §§ 1332, 1441, and 1446, Defendant asserts the following grounds for removal:

## I. STATEMENT OF JURISDICTION

1. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. As set forth below, this case meets all of the diversity statute's requirements for removal and Defendant's filing of this Notice of Removal is timely and proper.

## II. SATISFACTION OF PROCEDURAL REQUIREMENTS

2. On July 8, 2026, plaintiff Heidy Flores ("Plaintiff") filed an unverified Complaint for Damages in the Superior Court of the State of California, County of Los Angeles, captioned *Heidy Flores v. Jackson Lewis, P.C., a Pennsylvania corporation; and Does 1-100*, Case No. 26STCV21710 (the "State Court Action").

3. Plaintiff's Complaint in the State Court Action asserts nine causes of action for: (1) disability discrimination; (2) gender discrimination; (3) failure to accommodate; (4) failure to engage in the interactive process; (5) retaliation for requesting an accommodation; (6) retaliation under California Labor Code section 1102.5; (7) failure to prevent discrimination; (8) constructive discharge in violation of public policy; and (9) declaratory and injunctive relief (the "Complaint").

4. On August 12, 2026, Defendant's registered agent for service of process was served with the Summons and Complaint. *See* Declaration of Philip Cangialosi in Support of Defendant's Notice of Removal ("Cangialosi Decl."), ¶ 4. True and correct copies of all process, pleadings, and orders filed in this action are attached as **Exhibit 1** through **Exhibit 10** to the Declaration of Marissa Alguire ("Alguire Decl."), and are incorporated herein by reference as if set forth in full.

5. As of the date of this Notice of Removal, Defendant Does 1 through 100 are presently unnamed and unknown and, therefore, have not been served with the Summons and Complaint. *See* Alguire Decl., ¶¶ 6-8.

## III. THE REMOVAL IS TIMELY

6. This Notice of Removal is timely in that 28 U.S.C. § 1446(b) requires that a notice of removal in a civil action must be filed within thirty (30) days after service of the summons and complaint. 28 U.S.C. § 1446(b); *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1237-38 (9th Cir. 2014). Plaintiff filed her Complaint in Los Angeles County Superior Court on July 8, 2026. Jackson Lewis was served with the Complaint on August 12, 2026. *See* Declaration of Philip Cangialosi ("Cangialosi Decl."), ¶ 3, Exhibit A. AGI is filing this Notice of Removal within thirty days of service of the Summons and Complaint. Accordingly, this Notice of Removal is timely.

7. As required by 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of this removal to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Los Angeles County Superior Court.

8. Defendant is simultaneously filing its Corporate Disclosure Statement and Notice of Interested Parties pursuant to Federal Rule of Civil Procedure 7.1, and Central District of California Local Rule 7.1-1.

9. No previous Notice of Removal has been filed or made with this Court for the relief sought.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

**III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

10. Federal district courts have original jurisdiction over civil actions in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states. 28 U.S.C. § 1332.

11. A notice of removal need contain only a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

**A. <u>Complete Diversity Exists Between the Parties</u>.**

12. For removal purposes, diversity must exist both when the state-court action is filed and removed. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

(1) <u>Plaintiff is a Citizen of California</u>.

13. An individual's citizenship is determined by domicile, not residence alone. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Domicile is a person's permanent home, where the person resides with the intention to remain or to which the person intends to return. *Id.* For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

14. Plaintiff alleges that Plaintiff resides in Los Angeles County, California, and that she worked in Defendant's Los Angeles office. Complaint (Complaint, ¶ 6.) Based on those allegations and the information presently available to Defendant, Plaintiff was domiciled in California when she filed the State Court Action and remains domiciled in California. Plaintiff therefore is a citizen of California for diversity purposes.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

(2) Defendant is Not a Citizen of California.

15. A corporation is a citizen of every state in which it is incorporated and the state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1).

16. A corporation's principal place of business is its "nerve center," meaning the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2010).

17. At all times on or after the date the Complaint in the State Court Action was filed, Jackson Lewis has been a professional corporation organized under the laws of Pennsylvania. Its principal place of business is located in West Harrison, New York. (Cangialosi Decl., ¶¶ 5-6.) Jackson Lewis therefore is a citizen of Pennsylvania and New York, and no other state. Jackson Lewis is not a citizen of California.

18. Complete diversity exists because Plaintiff is a citizen of California and Defendant is not a citizen of California.

(3) The Citizenship of "Doe" Defendants Must Be Disregarded.

19. The citizenship of fictitiously named "Doe" defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998). Therefore, Plaintiff's inclusion in the Complaint of "DOES 1-100" cannot defeat diversity jurisdiction.

(4) The Amount In Controversy Exceeds $75,000.

20. Although Defendant denies Plaintiff's allegations and denies that Plaintiff is entitled to any recovery, the Complaint places well over $75,000 in controversy. Indeed, the damages Plaintiff expressly alleges exceed the jurisdictional minimum several times over.

21. Plaintiff seeks economic damages arising from alleged lost earnings, lost wages, lost employment benefits, and diminished career opportunities resulting from her alleged constructive discharge. The Complaint places more than $250,000 in economic damages at issue. *See* Complaint, ¶¶ 50, 59, 69, 86, 95, 103, 112, and Prayer for Relief.

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

22. Plaintiff also seeks recovery for alleged emotional distress, humiliation, embarrassment, pain and suffering, and reputational harm. The Complaint places more than $500,000 in non-economic damages at issue. *See* Complaint, ¶¶ 51, 60, 70, 87, 96, 104, 113, and Prayer for Relief.

23. In addition, Plaintiff seeks punitive damages based on allegations of malice, oppression, and fraud. Punitive damages are properly considered in determining the amount in controversy where, as here, they are recoverable as a matter of law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

24. Plaintiff further seeks attorneys' fees and costs under the Fair Employment and Housing Act ("FEHA"), as well as declaratory and injunctive relief. Recoverable attorneys' fees, including anticipated future fees, are included in the amount-in-controversy calculation. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); Cal. Gov't Code § 12965(c)(6).

25. Plaintiff's own allegations establish that the amount in controversy far exceeds the $75,000 jurisdictional threshold. The Complaint places more than $250,000 in economic damages and more than $500,000 in non-economic damages at issue, exclusive of punitive damages, attorneys' fees, costs, and equitable relief. Accordingly, Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## V. VENUE

26. Venue is proper in this Court under 28 U.S.C. §§ 84(c), 1441(a), and 1446(a) because this Notice of Removal is filed in the District Court of the United States in which the action is pending. The State Court Action is pending in the Superior Court of the State of California, County of Los Angeles, which is located in the Western Division of the Central District of California. 28 U.S.C. § 84(c)(2). This Court is

AKERMAN LLP
633 WEST FIFTH STREET, SUITE 6400
LOS ANGELES, CALIFORNIA 90071
TEL.: (213) 688-9500 – FAX: (213) 627-6342

therefore the district and division embracing the place where the State Court Action is pending.

**VI. PRAYER FOR REMOVAL**

WHEREFORE, because complete diversity exists between Plaintiff and Defendant, and because the amount in controversy exceeds the jurisdictional amount for removal, this Court is vested with subject matter jurisdiction over this matter and this action is removable to this Court for these reasons under 28 U.S.C. §§ 1331, 332, and 1441. Accordingly, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court of the Central District of California. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

Dated: September 11, 2026 **AKERMAN LLP**

By: *__/s/ Marissa Alguire__*
Marissa Alguire
Thea Alli
*Attorneys for Defendants*
JACKSON LEWIS, P.C.