# EXHIBIT A TO DECLARATION OF PHILLIP CANGIALOSI IN SUPPORT OF NOTICE OF REMOVAL

HEIDY FLORES, an individual, Plaintiff, vs. JACKSON LEWIS, P.C., a Pennsylvania corporation; and DOES 1-100, Defendants

# EXHIBIT A

RASi REGISTERED AGENT SOLUTIONS INC
A WOLTERS KLUWER COMPANY

**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX 78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

8/12/2026

REMICK STAHL
**Jackson Lewis P.C.**
200 SPECTRUM CENTER DR.
SUITE 500
IRVINE, CA 92618 USA

> **NOTICE OF CONFIDENTIALITY**
> This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE: Jackson Lewis P.C.**

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.

For additional information and instruction, contact the document issuer: ALEXANDER MORRISON + FEHR LLP

## SERVICE INFORMATION

Service Date: 8/12/2026
Service Time: 2:46 PM PDT
Service Method: Process Server

## RASi REFERENCE INFORMATION

Service No.: 0468471
RASi Office: California
Rec. Int. Id.: AHA

## CASE INFORMATION

Case Number: 26STCV21710
File Date: 07/08/2026
Jurisdiction: LOS ANGELES COUNTY SUPERIOR COURT, CALIFORNIA
Case Title: HEIDY FLORES VS. JACKSON LEWIS, P.C., ET AL.

## ANSWER / APPEARANCE INFORMATION

30 days *(Be sure to review the document(s) for any required response dates)*

## AGENCY / PLAINTIFF INFORMATION

Firm/Issuing Agent: ALEXANDER MORRISON + FEHR LLP
Attorney/Contact: JOSHUA ARNOLD
Location: California
Telephone No.: 310-394-0888

## DOCUMENT(S) RECEIVED & ATTACHED

Complaint
Summons
Notice: OF CASE ASSIGNMENT, UNLIMITED CIVIL CASE; OF FIRM NAME CHANGE
Demand for Jury Trial
OtherDetail: CIVIL CASE COVER SHEET; ADDENDUM AND STATEMENT OF LOCATION

## ADDITIONAL NOTES:

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by Superior Court of California, County of Los Angeles 7/08/2026 4:20 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Ruiz, Deputy Clerk

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
JACKSON LEWIS, P.C., a Pennsylvania Corporation; and DOES 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
HEIDY FLORES, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 Hill St. Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
26STCV21710

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua Arnold, Esq., Alexander Morrison + Fehr LLP 1900 Avenue of the Stars, Suite 900, Los Angeles, CA 90067 | T: (310)394-0888

DATE: July 8, 2026
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Secretario)* S. Ruiz *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]




**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* JACKSON LEWIS P.C., a Pennsylvania corporation

   under: ☒ CCP 416.10 (corporation)
   ☐ CCP 416.20 (defunct corporation)
   ☐ CCP 416.40 (association or partnership)
   ☐ other *(specify):*
   ☐ CCP 416.60 (minor)
   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.90 (authorized person)
4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Joshua M. Arnold (State Bar No. 240154)
Natalie Khoury (State Bar No. 340373)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310 394 0888 | F: 310 394 0811
E: balexander@amfllp.com | jarnold@amfllp.com | nkhoury@amfllp.com

**Electronically FILED by Superior Court of California, County of Los Angeles 7/08/2026 4:20 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Ruiz, Deputy Clerk**

Attorney for Plaintiff
HEIDY FLORES

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

HEIDY FLORES, an individual,

Plaintiff,

vs.

JACKSON LEWIS, P.C., a Pennsylvania corporation; and DOES 1-100,

Defendants.

CASE NO.: 26STCV21710

COMPLAINT FOR DAMAGES

1. DISIBILITY DISCRIMINATION [Gov. Code, § 12940, subd. (a)]
2. GENDER DISCRIMINATION [Gov. Code, § 12940, subd. (a)]
3. FAILURE TO ACCOMODATE [Gov. Code,§ 12940, subd.(m)(1)]
4. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS [Gov. Code, § 12940, subd.(n)]
5. RETALIATION FOR REQUESTING AN ACCOMODATION [Gov. Code, § 12940, subd. (m)(2)]
6. RETALIATION [Lab. Code §1102.5]
7. FAILURE TO PREVENT DISCRIMINATION [Gov. Code,§ 12940, subd. (k)]
8. CONSTRUCTIVE DISCHARGE IN VIOLATION OF PUBLIC POLICY.
9. DECLATORY AND INJUNTIVE RELIEF.

**DEMAND FOR JURY TRIAL**

## INTRODUCTION

1. Defendant JACKSON LEWIS, PC ("Jackson Lewis" or "Defendant") employed Plaintiff HEIDY FLORES ("Plaintiff"), from October 2019 until she was forced to resign on November 16, 2024. Prior to requiring a medical leave of absence in August 2023, Plaintiff was on the partnership track. Plaintiff returned to work with temporary restrictions in September 2024. Rather than accommodate Plaintiff's temporary restrictions, Jackson Lewis gave Plaintiff a "choice" between taking a significant demotion or resigning. This was not a choice at all, but rather, two extremely objectionable options. As taking the demotion would have resulted in potentially permanent damage to her career, Plaintiff had no choice but to resign.

## JURISDICTION AND VENUE

2. The Court has personal jurisdiction over Defendants because they are residents of and/or doing business in the state of California.

3. Venue is proper in this Court pursuant to section 395.5 of the California Code of Civil Procedure because all of the claims alleged herein arose in Los Angeles County and the acts giving rise to liability occurred in California. Venue is also proper under the Fair Employment and Housing Act – California Government Code section 12940, *et seq*.

4. The amount in controversy in this matter exceeds the sum of $35,000.

## PARTIES

5. Plaintiff HEIDY FLORES is a resident of Los Angeles County and was employed out of the Los Angeles office of Jackson Lewis, PC, within the County of Los Angeles.

6. Defendant JACKSON LEWIS, P.C. is, and at all relevant times was, a professional corporation doing business in the County of Los Angeles, State of California. At all relevant times, Defendant JACKSON LEWIS, P.C. was an employer subject to the Fair Employment and Housing Act as that term is defined in Government Code section 12926, subdivision (d). At all relevant times, Defendant JACKSON LEWIS, P.C. was an employer

subject to the California Family Rights Act, as that term is defined in Government Code section 12945.2, subdivision (c).

7. The true names and capacities—whether individual, corporate, associate, or otherwise—of Defendants named as DOES 1-100, inclusive, are unknown to Plaintiff at this time and, therefore, Plaintiff sues such Defendants by fictitious names. Plaintiff will amend this Complaint to show true names and capacities when they have been determined. Plaintiff alleges, on information and belief, that each of the Doe Defendants is responsible for the wrongful acts alleged and is therefore liable to Plaintiff.

8. Plaintiff alleges, on information and belief, that Defendants, and each of them, were, at all relevant times, the agents, employees, coconspirators, parent corporation, joint employers, alter ego, or joint venturers of the other Defendants, and each of them, and, in doing the acts alleged, were acting in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, or joint venture and with the permission and consent of each of the other Defendants.

## FACTUAL ALLEGATIONS

9. Plaintiff is a woman. Plaintiff became a licensed lawyer in December 2014. Initially, Plaintiff began working in personal injury law, but her aim has always been to work in employment law. Plaintiff dreamed of becoming a partner with an employment law firm and staying there until retirement. This dream drove Plaintiff to earn a position with Jackson Lewis in or around October 2019 and Plaintiff was on the verge of achieving her dream before Defendant forced her to resign on November 16, 2024.

10. For those five-plus years, Plaintiff worked as an associate attorney. Jackson Lewis partners assigned Plaintiff to challenging cases with demanding co-counsel, and complicated fact patterns. These same partners expressed to Plaintiff their appreciation of her client-handling skills and diligence, clearly identifying her as an associate in good standing and on a partnership track. Plaintiff had devoted her career to pursuit of big firm partnership, and having her hard work be on the verge of letting her achieve her dream was deeply gratifying.

11. In March 2020, the COVID-19 pandemic caused everyone working at the Los Angeles Office of Jackson Lewis to move to remote work. Plaintiff adjusted to this change and excelled in her performance.

12. Previously, Plaintiff had struggled with back issues, including, but not limited to, lower back/sciatic pain and cervical radiculopathy. Plaintiff had managed these issues on her own rather than seeking assistance as she did not want to disturb her employer with requests for help.

13. In 2023, Plaintiff's back issues intensified, necessitating physical therapy. At this time, the attorneys in JACKSON LEWIS' Los Angeles Office were implementing a hybrid work model.

14. In February 2023, Plaintiff's doctor recommended physical therapy. Plaintiff submitted a note to Human Resources from her physical therapist restricting her driving, initially restricting driving for more than thirty minutes at a time. From February 2023 to August 2023, Ms. Flores completed her work remotely with high praise on her performance from the partnership.

15. Relatedly, around this time, Jackson Lewis management told Plaintiff that she was on the partnership track and was assigned a partner mentor, Cynthia Emry. Ms. Emry informed Plaintiff that the firm was very happy with her performance and confirmed she was very close to hitting the numbers required for partnership. JACKSON LEWIS measures partnership from a performance criterion, but more importantly, from a data criterion. Associates must have a certain amount of business intake measured in terms of "PCA1" or "PCA2" credits to make partner. Ms. Emry advised Plaintiff that she was very close to those numbers, so she would mentor her weekly to ensure she hit the required numbers by end of 2023 or early 2024. Plaintiff also had her own book of business.

16. Then, in August 2023, Plaintiff's doctor placed her on a medical leave of absence due to her continuing and worsening physical condition.

17. In August 2024, Plaintiff was released to return to work with temporary restrictions. She immediately emailed Jean Bartle, HR Senior Manager, and told her she was

ready to return to work. Following back-and-forth communication with HR, Plaintiff officially began working again in September 2024. At this time, she believed that she would be working in the same position, with the same job duties.

18. Plaintiff had two sets of temporary restrictions: (1) driving restrictions until February 2025, which restricted her driving more than one hour and limited driving to and from work to no more than four times a month, and (2) 70% of her normal working hours until March 2025.

19. HR told Plaintiff that it would accept the temporary restriction of working 70% but she would receive a temporary pay cut to reflect the reduction in work. Plaintiff agreed to the reduction in pay.

20. Plaintiff's driving restrictions permitted her to work in the office two times per month, and to travel up to a half hour, and to, otherwise, perform remote work. On September 17, 2024, Plaintiff provided HR with the doctor's note setting forth these restrictions. HR led Plaintiff to believe this restriction had been put into place by making no contrary communications to her.

21. At the time Plaintiff returned to work, she called Nita Parikh, the Deputy Managing Principal of the Los Angeles Office, to discuss her caseload, as she was eager to get back to work. Plaintiff asked Ms. Parikh if she was aware of her temporary restrictions. Ms. Parikh sounded shocked and said she was not aware, which was both surprising and concerning to Plaintiff. Plaintiff advised HR that no one at the LA office was aware of her restrictions. HR did not respond to Plaintiff's emails.

22. Ms. Parikh proceeded to assign Plaintiff to brand new cases. However, the previous cases she worked on, where Plaintiff had PCA credits, were not discussed or offered to her upon her return. As the previous PCA credit cases had put Plaintiff on the partnership track, Plaintiff was disturbed by Ms. Parikh's removal of the cases on which Plaintiff had earned PCA credits, but Plaintiff was determined to excel her newly assigned cases.

23. Plaintiff successfully completed all her job duties within these restrictions. The partners she worked with confirmed numerous times in her conversations with them that they

did not mind her restrictions, as she was always responsive, proactive, and essentially handling her cases from beginning to end.

24. On or around October 16, 2024, Ms. Bartle sent Plaintiff a calendar invite for a call. Plaintiff had no idea what Ms. Bartle sought to discuss, as Plaintiff believed her accommodations request had been granted.

25. On October 17, 2024, after more than a month of working with temporary restrictions and reduced pay, Ms. Bartle scheduled an unexpected meeting with Plaintiff. Ms. Bartle gave no description about the subject of the meeting. The meeting was brief. Ms. Bartle informed Plaintiff for the first time that the firm could not accommodate her driving restriction. Ms. Bartle provided no reason as to why this request could no longer be accommodated, but, instead, offered Plaintiff a significant demotion to a staff attorney position and advised her that it would include yet another substantial pay cut. Plaintiff asked no less than ten to fifteen specific questions. Ms. Bartle kept reiterating "I don't know" to Plaintiff's questions. She was not prepared to answer any of Plaintiff's questions surrounding the demotion and did not even have Plaintiff's proposed job duties prepared for her. Plaintiff was in shock and disbelief that her own firm would treat her like this, as it was the exact type of conduct Jackson Lewis advises its clients to refrain from doing.

26. As a result, October 18, 2024, Plaintiff prepared a long email to Ms. Bartle asking questions about the role and about her requests for an accommodation. Most of these questions were ignored. Ms. Bartle only answered some of Plaintiff's questions via email weeks later after Plaintiff pushed for a response. For example, Ms. Bartle did not respond to Plaintiff's questions about the job duties of the proposed demoted role until November 14, 2025. Jackson Lewis pressured Plaintiff to accept a demoted role in mid-October but did not provide the job duties until nearly a month later.

27. Plaintiff tried to get HR to engage in a good faith interactive process, to no avail. In response, HR set an unreasonable deadline of November 1, 2024 for her to accept the demotion or resign, despite providing no answers to Plaintiff's questions.

28. Plaintiff asked for an extension of the deadline as she was seeing a new doctor. HR granted the extension but still provided Plaintiff with no answers.

29. HR's steamrolling and indifference in their exchanges with Plaintiff took a toll on her. She worked late constantly. In fear of losing her job, Plaintiff often stayed up past midnight preparing long emails for HR. She felt that she was being pushed out for taking leave and requesting an accommodation and deliberately ignored.

30. Due to HR's lack of response, Plaintiff sought assistance from partner Edward McNamara. Mr. McNamara, like other men who worked at JACKSON LEWIS, took medical leave, and JACKSON LEWIS approved permanent medical restrictions upon return without any issue. Women, like Plaintiff, were treated differently when they attempted to do the same, even with temporary restrictions. Plaintiff also witnessed another woman whose medical restrictions were not respected, her pay reduced, and eventually, her employment terminated.

31. On October 23, 2024, she told "Ted" of her HR exchanges, relaying to him that she could not believe how she was being treated. Mr. McNamara told Plaintiff that she was a huge asset to the office and that he would speak with Nita Parikh and/or Nicky Jatana, another managing partner of the Los Angeles office, to try to help.

32. Ms. Parikh told Mr. McNamara that she could not get involved because that was Nicky Jatana's job. Plaintiff did not want to further place Mr. McNamara in an uncomfortable position, so she did not ask him to speak with Ms. Jatana.

33. Instead, Plaintiff reached out to both Ms. Parikh and Ms. Jatana herself and asked for a phone call.

34. On October 24, 2024, Plaintiff had a virtual meeting with Ms. Parikh and Ms. Jatana. Plaintiff informed them of the situation with HR and asked them to get involved. Both refused. They informed Plaintiff that she had to communicate exclusively with Ms. Bartle, even after Plaintiff told them about Ms. Bartle's behavior towards her. Plaintiff understood this directive to be against firm policy.

///

//

35. However, based on the instructions of the Los Angeles office partnership, Plaintiff continued emailing HR, but began to copy Ms. Parikh and Ms. Jatana in all communications, hoping that if they read the exchanges, they would choose to get involved.

36. On November 13, 2024, Plaintiff obtained a new doctor's note and sent it to HR. This new note lightened her restrictions, allowing her to drive to the office once per week, until February 11, 2025, and allowed her to drive for up to an hour. Despite her reduced restrictions, HR still insisted that she accept the demotion or resign. In fact, HR told Plaintiff it could not accommodate the new restrictions within *mere hours* of her sending this new note and did not offer or discuss any alternative accommodations.

37. Then, on November 14, 2024, HR provided her with an ultimatum. If Plaintiff did not accept the demotion, she would be placed on an involuntary, and likely indefinite, medical leave of absence. This was even more punitive than the demotion since she would be unable to receive unemployment benefits.

38. On November 15, 2024, LA office management suddenly announced that all court hearings had to be in-person appearances, except for case management conferences (CMCs). However, despite this new rule, Plaintiff's restrictions allowed her to perform all the duties of her job. Plaintiff had no appearances which required in-person work in the upcoming months, which she noted to HR in late October, while also noting she could perform in-person work on an as-needed basis. For court appearances, Plaintiff only had CMCs on her calendar, and per the firm's new rule, those could be handled remotely. However, at the same time Jatana announced the rule, HR began using similar language in emails to Plaintiff. It was clear that HR intended to use the rule to incorrectly contend that Plaintiff could not perform all duties of her job.

39. Plaintiff was forced to resign on November 16, 2024. Jackson Lewis was completely unwilling to engage in the interactive process with Plaintiff and accommodate her temporary and manageable work restrictions. Jackson Lewis refused to permit her to continue to advance her career and remain on the partner track, despite all the work she put in to get there. Plaintiff did not feel as though she could safely work at Jackson Lewis anymore. The

non-accommodating and retaliatory actions of Jackson Lewis management and HR after Plaintiff's requests for accommodation gave Plaintiff no other choice but to resign her employment.

40. Plaintiff filed a charge of discrimination, and retaliation with the California Civil Rights Department on June 1, 2026 and was issued an immediate right to sue on that date. Thus, Plaintiff has exhausted all administrative remedies.

**FIRST CAUSE OF ACTION**

**Disability Discrimination (Gov. Code, § 12940, subd. (a))**

**(Against all Defendants)**

41. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

42. Jackson Lewis was and is at all relevant times employers that regularly employ five (5) or more persons. Plaintiff was an employee of Jackson Lewis when Defendants discriminated against her because of her disability.

43. Plaintiff developed a "physical disability" as defined under California law., which limited major life activities including physical, mental, and social activities, and working.

44. Defendant knew, perceived, or treated Plaintiff as though she had a disability.

45. Plaintiff was able to perform the essential job duties of her position with reasonable accommodations. Plaintiff was otherwise qualified to do her job.

46. Defendants discriminated against Plaintiff based on her disability and subjected her to one or more adverse employment actions by:

a. treating Plaintiff less favorably than other individuals outside of her protected class;
b. refusing to grant requests for reasonable workplace accommodations for Plaintiff's temporary restrictions;
c. ignoring Plaintiff's requests to engage in the interactive process;
d. leaving Plaintiff with no other choice but to resign her employment.

47. Plaintiff's physical condition was a substantial motivating reason for one or more of the adverse employment actions that Defendant took against Plaintiff.

48. Plaintiff was harmed as a result of Defendant's conduct, and Defendant's conduct was a substantial factor in causing Plaintiff's harm.

49. Defendants' discriminatory conduct constitutes unlawful discrimination in employment on account of disability in violation of California Government Code §12940.

50. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction, but in excess of $250,000.

51. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial but in excess of $500,000.

52. **Exemplary and punitive damages.** As the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

///

///

///

///

///

**SECOND CAUSE OF ACTION**

**Gender Discrimination (Gov. Code, § 12940, subd. (a))**

**(Against all Defendants)**

53. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

54. Jackson Lewis was and is at all relevant times employers that regularly employ five (5) or more persons. Plaintiff was an employee of Jackson Lewis when Defendants discriminated against her because of her gender. Plaintiff is a woman.

55. Defendants engaged in adverse actions against Plaintiff due to her gender, which include, but are not limited to, the following:

a. treating Plaintiff less favorably than other individuals outside of her protected class;

b. refusing to grant requests for reasonable workplace accommodations for Plaintiff's temporary restrictions, while granting the same and/or permanent reasonable workplace accommodations to men;

c. ignoring Plaintiff's requests to engage in the interactive process;

d. leaving Plaintiff with no other choice but to resign her employment.

56. Plaintiff's gender was the substantial motivating reason for one or more adverse employment actions that Defendants took against Plaintiff.

57. Plaintiff was harmed as a result of Defendants' conduct, which was a substantial factor in causing Plaintiff's harm.

58. Defendants' discriminatory conduct constitutes unlawful discrimination in employment on account of gender in violation of California Government Code §12940.

59. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction, but in excess of $250,000.

60. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial but in excess of $500,000.

61. **Exemplary and punitive damages.** As the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

## THIRD CAUSE OF ACTION

**Failure to Accommodate (Gov. Code, § 12940, subd. (m)(1))**

**(Against all Defendants)**

62. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

63. Plaintiff has a serious physical condition that constitutes as disability, of which Defendant was aware.

64. Plaintiff was able to perform the essential job duties of her position with reasonable accommodation.

65. Plaintiff requested reasonable accommodation for her disability, as defined in California Government Code section 12926, subdivision (p) and California Code of Regulations section 11065, subdivision (p), including, but not limited to, allowing Plaintiff to use disability leave and entitling Plaintiff to the same or comparable position upon return.

66. Defendant failed and refused to provide Plaintiff with a reasonable accommodation, although reasonable accommodations were available.

67. Plaintiff was harmed as a result of Defendants' conduct, which was a substantial factor in causing Plaintiff's harm.

68. California Government Code § 12940, subdivision (m)(1), makes it unlawful for an employer to refuse to make a reasonable accommodation for the known and/or perceived disability of an employee. The acts and conduct of Defendants, as alleged above, constitute an unlawful failure to accommodate Plaintiff's known disability in violation of California Government Code § 12940, subdivision (m)(1).

69. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffers and will suffer special damages for lost earnings and wages in an amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction.

70. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial.

71. **Exemplary and punitive damages.** Because the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

## FOURTH CAUSE OF ACTION

**Failure to Engage in the Interactive Process (Gov. Code, § 12940, subd. (n))**

**(Against Defendant and Does 1-100)**

72. Plaintiff realleges and incorporates the allegations contained in all previous paragraphs as though fully set forth at length herein.

73. Plaintiff requested reasonable accommodation for her disability, as defined in California Government Code § 12926, subdivision (p) and California Code of Regulations § 11065, subdivision (p).

74. Plaintiff was willing to participate in an interactive process to determine what reasonable accommodations were needed and available so that Plaintiff could perform the essential functions of her job.

75. Defendants failed to participate in a timely, good-faith interactive process with Plaintiff to determine whether reasonable accommodation could be made for Plaintiff to continue performing her essential job functions. Instead, Defendants virtually did not respond to Plaintiff's requests until her termination.

76. Plaintiff was harmed as a result of Defendants' conduct, which was a substantial factor in causing Plaintiff's harm.

77. California Government Code § 12940, subdivision (n), makes it unlawful for an employer to fail to participate in a timely good-faith interactive process with an employee to determine what reasonable accommodations, if any, would be effective in allowing Plaintiff to return to work. The acts and conduct of Defendants, as described above, constitute an unlawful failure to engage in the interactive process in violation of California Government Code § 12940, subdivision (n).

78. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction, but in excess of $250,000.

79. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial but in excess of $500,000.

80. **Exemplary and punitive damages.** Because the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

**FIFTH CAUSE OF ACTION**

**Retaliation for Requesting an Accommodation (Gov. Code, § 12940, subd. (m)(2))**

**(Against all Defendants)**

81. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

82. Plaintiff engaged in protected conduct by:

a. Making a request for reasonable accommodation;

b. Taking a medical leave; and

c. Opposing discriminatory practices.

83. After Plaintiff engaged in that protected conduct, Defendants retaliated against Plaintiff by, among other things:

a. Demoting Plaintiff;

b. Cutting her salary; and

c. Removing Plaintiff from the partnership track.

84. Plaintiff's protected conduct was a substantial motivating reason for one or more adverse actions taken by Defendant against Plaintiff.

85. Plaintiff was harmed as a result of Defendant's conduct, which was a substantial factor in causing Plaintiff's harm.

86. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered and will suffer special damages for lost earnings and wages in an

amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction, but in excess of $250,000.

87. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial but in excess of $500,000.

88. **Exemplary and punitive damages.** Because the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

## SIXTH CAUSE OF ACTION

**Retaliation (Cal. Lab. Code, §1102.5)**

**(Against all Defendants and Does 1-100)**

89. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

90. Plaintiff engaged in one or more forms of protected conduct by: reporting, complaining, protesting and objecting to disability-based discrimination and creation of a hostile work environment based on disability.

91. Plaintiff was an employee of Jackson Lewis when she engaged in protected conduct, by lodging official complaints of Jackson Lewis' discrimination, harassment, and retaliation.

///

///

92. Plaintiff had reasonable cause to believe the actions violated a local, state, and/or federal rule or regulation, including but not limited to Government Code § 12950, et. seq., among others.

93. In response to Plaintiff's protected conduct, Plaintiff was subjected to one or more adverse actions, including but not limited to, denial of career growth opportunities, requests to be accommodated, and ultimately wrongful constructive termination.

94. Plaintiff's acts of engaging in protected conduct was a contributing factor in Jackson Lewis' decision to take one or more adverse actions against Plaintiff.

95. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction, but in excess of $250,000.

96. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial but in excess of $500,000.

97. **Exemplary and punitive damages.** Because the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

///

///

///

**SEVENTH CAUSE OF ACTION**

**Failure to Prevent Discrimination (Gov. Code, § 12940, subd. (k))**

**(Against all Defendants and Does 1-100)**

98. Plaintiff realleges and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein. As described above, Defendants engaged in disability discrimination against Plaintiff.

99. As described above, Defendants retaliated against Plaintiff for requesting accommodations and/or taking medical leave, and opposing discriminatory practices.

100. Defendants failed to take all reasonable steps necessary to prevent discrimination and retaliation, in violation of California Government Code §12940(k). The exercise of civil rights includes rights secured by the U.S. Constitution, the California state constitution, federal laws, or state law.

101. Defendants failed to ensure that Plaintiff would not suffer discrimination or retaliation based on disability; failed to accommodate or respond to Plaintiff's requests for disability accommodations; demoted her and cut her salary; and forced Plaintiff to resign.

102. Defendants failed to take all reasonable steps necessary to prevent discrimination or retaliation, in violation of California Government Code §12940(k).

103. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered and will suffer special damages for lost earnings and wages in an amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction, but in excess of $250,000.

104. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial but in excess of $500,000.

105. **Exemplary and punitive damages.** Because the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for

Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

**EIGHTH CAUSE OF ACTION**

**Wrongful Constructive Termination in Violation of Public Policy**

**(Against all Defendants and DOES 1-100)**

106. Plaintiff incorporates the allegations contained in all previous paragraphs as though fully stated here.

107. During her employment, Plaintiff was subjected to working conditions that violated public policy. Defendants discriminated and retaliated against Plaintiff based on her disability.

108. Defendants intentionally created or knowingly permitted these working conditions that violate public policy, including, but not limited to, demoting Plaintiff, cutting her salary, rejecting her accommodation requests, and providing her an ultimatum with no other choice but to resign due to her disability.

109. The working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

110. The intolerable working conditions were a substantial factor in causing Plaintiff's harm.

111. By their conduct set forth above, Defendants wrongfully constructively terminated Plaintiff in violation of public policies prohibiting discrimination and retaliation in employment. Those public policies are embodied in Government Code §12900, *et. seq.*

112. **Economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered and will suffer special damages for lost earnings and wages in an

amount not yet fully known and to be proven at trial, but in excess of the minimum amount of this court's jurisdiction, but in excess of $250,000.

113. **Non-economic damages.** As a direct and legal result of Defendants' unlawful conduct, Plaintiff suffered general damages including, but not limited to, damage to their reputation, pain and suffering, humiliation, embarrassment, mortification, hurt feelings, and emotional distress, all in an amount not yet fully known and to be proven at trial but in excess of $500,000.

114. **Exemplary and punitive damages.** Because the wrongful acts against Plaintiff was carried out or ratified by directors, officers and/or managing agents for Defendants, acting with malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier in this Complaint, Plaintiff seeks punitive damages against all Defendants, for their conduct in order to deter them from such and similar conduct in the future. Defendants' conduct in discriminating, harassing, and retaliating against Plaintiff was willful and oppressive and done in conscious disregard of her rights.

## NINTH CAUSE OF ACTION

**Declaratory and Injunctive Relief.**

**(Against all Defendants and DOES 1-100)**

115. Plaintiff incorporates the allegations contained in all previous paragraphs as though fully stated here.

116. California Government Code §12920 sets forth the public policy of the State of California that "all persons have the right to seek, obtain, and hold employment, without discrimination or abridgement on account of race [or] physical disability…."

117. California Government Code § 12920.5 states: "In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons."

118. An actual controversy has arisen and now exists between Plaintiff and

JACKSON LEWIS concerning their respective rights and duties as it is believed JACKSON LEWIS may allege that JACKSON LEWIS' discriminatory actions were based on non-discriminatory, legitimate reason(s) and neither Plaintiff's disability OR requests for accommodation were a substantial motivating factor for the discriminatory decisions or any factor whatsoever in those decisions. Plaintiff contends that the reason(s) given by JACKSON LEWIS are a pretext to mask its true reason(s) for its actions—discrimination.

119. In light of the expected allegations and defenses of the Defendants herein, and pursuant to CCP § 1060, a judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, on behalf of herself and other employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices (*see Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203) as the acts and omissions of the Defendants, and each of them, have caused irreparable harm to Plaintiff and will continue to cause irreparable harm to current employees unless the complained-of conduct is enjoined. There is no immediate, adequate or speedy remedy at law to redress the continuing retaliatory policies and practices of Defendant employer, and, therefore, Plaintiff seeks affirmative and injunctive relief as follows:

a. for an injunction restraining Defendants, along with their supervising employees, agents, and all those subject to its control or acting in concert with it from causing, encouraging, condoning or permitting discrimination, retaliation and willful violations of FEHA;

b. for affirmative relief requiring Defendants, and each of them, to conduct training of all employees to "sensitize" them to the harmful nature of discrimination and retaliation against an employee. The proposed plan of education should include detection, correction, and prevention of such practices;

c. for affirmative relief requiring Defendants, and each of them, to notify all employees and supervisors, through individual letters and permanent postings

in prominent locations in all offices that discrimination violates the FEHA and the consequences of said violation; and

d. for affirmative relief requiring Defendants, and each of them, to develop appropriate sanctions or disciplinary measures for supervisors or other employees found to have committed discriminatory acts, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and dismissal where other measures fail.

California Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorney's fees and costs. "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose redressing, preventing, or deterring discrimination. Plaintiff herein seeks these fees and costs, including for obtaining only declaratory and/or injunctive relief as described in *Harris v. City of Santa Monica* (2013) 56 Cal. 4th 203.

///

///

///

///

///

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For compensatory damages, including lost earnings and other work benefits incurred and to be incurred, in an amount according to proof at trial;

2. For damages for physical sickness, emotional distress, humiliation, and mental anguish, in an amount according to proof at time of trial;

3. For special and general damages in an amount to be proven at trial;

4. For punitive damages, as allowed by law, sufficient to punish, make an example of, and deter future conduct by Defendant;

5. For all appropriate equitable relief;

6. For reasonable attorneys' fees and costs, including expert witness fees, under all applicable laws, including, but not limited to, Cal. Gov. Code §12965;

7. For interest provided by law, including, but not limited to, Civ. Code §3291.

8. That Defendants, their successors, agents, representatives, employees, and all persons who act in concert with said Defendants, be permanently enjoined from committing all acts of discrimination, retaliation, or other similar acts, including the violations alleged in all of the Causes of Action herein and prohibited by the FEHA and California Government Code § § 12900-12996, and for a judicial declaration in support of same, along with appropriate attorneys' fees and costs as determined by the Court.

DATED: July 8, 2026

ALEXANDER MORRISON + FEHR LLP

By: */s Joshua Arnold*
Joshua Arnold
Natalie Khoury
Attorneys for Plaintiff
HEIDY FLORES

**DEMAND FOR JURY TRIAL**

Plaintiff further requests a trial by jury on all issues so triable.

DATED: July 08, 2026

ALEXANDER MORRISON + FEHR LLP

By: */s Joshua Arnold*
Joshua Arnold
Natalie Khoury
Attorneys for Plaintiff
HEIDY FLORES

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Joshua Arnold (SBN 240154), Natalie Khoury (SBN 340373)
ALEXANDER MORRISON + FEHR LLP
1900 Avenue of the Stars, Suite 900, Los Angeles, CA 90067
TELEPHONE NO.: 310-394-0888 FAX NO.: 310-394-0811
EMAIL ADDRESS: jarnold@amfllp.com, nkhoury@amfllp.com
ATTORNEY FOR *(Name):* Plaintiff HEIDY FLORES

FOR COURT USE ONLY

**Electronically FILED by Superior Court of California, County of Los Angeles 7/08/2026 4:20 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Ruiz, Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N Hill Street
MAILING ADDRESS: 111 N Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: STANLEY MOSK COURTHOUSE

CASE NAME:
HEIDY FLORES, an individual v. JACKSON LEWIS, P.C., a Pennsylvania corporation; DOES 1-100

## CIVIL CASE COVER SHEET

[X] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

## Complex Case Designation

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 26STCV21710

JUDGE:

DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [X] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 8, 2026
Joshua M. Arnold
(TYPE OR PRINT NAME)

▶ *Joshua Arnold*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flores v. Jackson Lewis, P.C., et al. | 26STCV21710 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flores v. Jackson Lewis, P.C., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| Other Personal Injury/ Property Damage/ Wrongful Death | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| Employment | Wrongful Termination (36) | ☑ 3601 Wrongful Termination | 1, 2, 3 (2 circled) |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| Contract | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flores v. Jackson Lewis, P.C., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _________ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Flores v. Jackson Lewis, P.C., et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE<br>Flores v. Jackson Lewis, P.C., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>725 S Figueroa St #2800 |
|---|---|---|---|
| CITY:<br>Los Angeles | STATE:<br>California | ZIP CODE:<br>90017 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: 07/08/2026

Joshua Arnold
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | FILED<br>Superior Court of California<br>County of Los Angeles<br>07/08/2026<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: S. Ruiz Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>26STCV21710 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Jon R. Takasugi | 309 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record David W. Slayton, Executive Officer / Clerk of Court

on 07/13/2026 (Date) By S. Ruiz, Deputy Clerk

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

**Class Actions**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

***Provisionally Complex Cases**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

*Superior Court of California, County of Los Angeles*

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

### TYPES OF ADR

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.
- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.
- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.
- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

### ADVANTAGES OF ADR

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

### DISADVANTAGES OF ADR

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

### WEBSITE RESOURCES FOR ADR

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

**ALEXANDER FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
E: balexander@af-llp.com
Joshua M. Arnold (State Bar No. 240154)
E: jarnold@af-llp.com
Natalie Khoury (State Bar No. 340373)
E: nkhoury@af-llp.com
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
T: (310) 394-0888
F: (310) 394-0811

Attorneys for Plaintiff
HEIDY FLORES

**Electronically FILED by Superior Court of California, County of Los Angeles 7/14/2026 3:43 PM David W. Slayton, Executive Officer/Clerk of Court, By S. Bolden, Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES**

HEIDY FLORES, an individual,

Plaintiff,

vs.

JACKSON LEWIS, P.C., a Pennsylvania corporation; and DOES 1-100,

Defendants.

Case No.: 26STCV21710

Assigned for all purposes to Hon. Jon R. Takasugi, Dept 309

**NOTICE OF FIRM NAME CHANGE TO ALEXANDER FEHR LLP**

Complaint Filed: July 8, 2026

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that effective July 1, 2026, our firm name has changed as follows:

ALEXANDER FEHR LLP.

The email address of the attorneys and staff associated with this matter are as follows:

| | |
|---|---|
| J. Bernard Alexander, III | balexander@af-llp.com |
| Joshua M. Arnold | jarnold@af-llp.com |
| Natalie Khoury | nkhoury@af-llp.com |
| Jeanne Mendonca | jmendonca@af-llp.com |

The address, telephone number and fax number shall remain the same.

Dated: July 14, 2026

ALEXANDER FEHR LLP

By: */s/ Joshua M. Arnold*
J. Bernard Alexander III
Joshua M. Arnold
Natalie Khoury
Attorneys for Plaintiff
HEIDY FLORES